**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY MATTHEWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:24-cv-09675** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SAINT ANTHONY HOSPITAL,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Timothy Matthews ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Saint Anthony Hospital ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Timothy Matthews, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Saint Anthony Hospital, is an entity doing business in and for Cook County whose address is 2875 W 19th Street, Chicago, Illinois 60623-3501.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a security officer from January 18, 2022, through May 17, 2024.

12. Since at least April 2024 through May 17, 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

13. Plaintiff is male and is a member of a protected class because of his sex whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

14. Plaintiff had been working for Defendant without any issues or performance concerns since Plaintiff started in January 2022.

15. Plaintiff fulfilled his duties as a Security Officer diligently and consistently, maintaining a spotless record throughout Plaintiff's employment.

16. In or about November 2023, the Illinois Department of Public Health (IDPH) conducted a background check on all employees due to an incident in a different department.

17. Plaintiff's background was flagged, leading to Plaintiff having a temporary suspension for two days pending an investigation.

18. Following this, Plaintiff was allowed to return to work.

19. HR and management acknowledged that there was an issue related to Plaintiff's background from years ago, but since Plaintiff had been employed without any problems for nearly two years, Defendant decided to retain Plaintiff's employment.

20. Defendant admitted that HR had initially made an error when Plaintiff was hired.

21. In or about April 2024, Plaintiff's manager, Jose Rodriguez ("Mr. Rodriguez"),

began making comments of a sexual nature.

22.     For instance, Mr. Rodriguez joked about Plaintiff taking another male to a hotel.

23.     On another occasion, after Plaintiff applied chapstick, Jose asked, "Are you getting ready for a guy?" and pointed to another male coworker.

24.     Plaintiff found these comments offensive and inappropriate, regardless of Plaintiff's sexual orientation.

25.     Plaintiff expressed his discomfort to Mr. Rodriguez.

26.     Later in April 2024, Plaintiff reported Mr. Rodriguez's behavior to Mike Seller ("Mr. Seller"), the Vice President, explaining how uncomfortable Plaintiff felt due to Mr. Rodriguez's comments.

27.     Mr. Seller assured Plaintiff that he would address the issue with Mr. Rodriguez.

28.     Despite this, Mr. Rodriguez continued with his inappropriate behavior.

29.     On or around May 17, 2024, Plaintiff was terminated by Mr. Seller for the purported reason of Plaintiff's background check.

30.     Mr. Seller informed Plaintiff that there had been another incident in a different department, leading to a repeated background check.

31.     Plaintiff's name was flagged again, and as a result, Plaintiff was let go even though his back ground check six months prior was seen as fault of the Defendant and he was allowed to remain employed.

32.     This termination occurred despite the fact that Plaintiff had no disciplinary records, write-ups, or performance issues throughout his employment.

33.     The close proximity between Plaintiff's complaint of sexual harassment and Plaintiff's subsequent termination raises significant concerns of discrimination and retaliation

given Defendant allowed Plaintiff to continue working following the flagged back ground check prior.

34. Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

35. Plaintiff was unlawfully terminated because of his sex, (male) on May 17, 2024.

36. Plaintiff was retaliated against, and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

37. Plaintiff reported the sexual harassment to Defendant.

38. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

39. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

40. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his manager about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

41. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

43. Defendant knew or should have known of the harassment.

44. The sexual harassment was severe or pervasive.

5

45. The sexual harassment was offensive subjectively and objectively.

46. The sexual harassment was unwelcomed.

47. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, male.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

50. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

52. Plaintiff met or exceeded performance expectations.

53. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

54. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

55. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

56. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the discrimination described above, Plaintiff

6

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

58.     Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

59.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

60.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

61.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

62.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

63.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

64.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

65.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

66.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

67.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.     Back pay and benefits;

    b.     Interest on back pay and benefits;

    c.     Front pay and benefits;

    d.     Compensatory damages for emotional pain and suffering;

    e.     Pre-judgment and post-judgment interest;

    f.     Injunctive relief;

    g.     Punitive damages;

    h.     Reasonable attorney's fees and costs; and

    i.     For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 8th day of October 2024.

*/s/ Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
*Counsel for Plaintiff*
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com

8